UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 07-60M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| MITCHELL L. GILLIAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense charged:        Felon in Possession of a Firearm (District of Montana)

Date of Detention Hearing:    February 8, 2007

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.        Defendant is charged by Indictment in the District of Montana, Billings Division, with knowing possession of a firearm, having been previously convicted of a felony. He was

DETENTION ORDER                                                                                    15.13
18 U.S.C. § 3142(i)                                                                               Rev. 1/91
PAGE 1

01   arrested in this District and has waived an identity hearing.  An Order of Transfer has been signed.

02          2.          Defendant's criminal history includes numerous larceny charges, a forgery charge

03   and an escape charge from 1995.  There is an outstanding building code warrant from Florida that

04   is extraditable only in the Southern states, and a non-extraditable warrant from North Carolina for

05   forgery of checks from 2000.  He has a somewhat transient residential history.   Defendant does

06   have ties to this District that include a wife, and employment as a salesman at a Chevrolet

07   dealership, to which he can return if released from custody.  If the District of Montana wishes to

08   release the defendant after a detention hearing in that district, the defendant's employer has

09   indicated willingness to serve as a third party custodian.

10          3.          Defendant poses a risk of nonappearance due to outstanding warrants and a prior

11   escape charge. He poses a risk of danger due to criminal history and the nature of the instant

12   offense.

13          4.          There does not appear to be any condition or combination of conditions that will

14   reasonably assure the defendant's appearance at future Court hearings while addressing the danger

15   to other persons or the community.

16   It is therefore ORDERED:

17          (1)          Defendant shall be detained pending trial and committed to the custody of the

18                        Attorney General for confinement in a correction facility separate, to the extent

19                        practicable, from persons awaiting or serving sentences or being held in custody

20                        pending appeal;

21          (2)          Defendant shall be afforded reasonable opportunity for private consultation with

22                        counsel;

DETENTION ORDER                                                                                          15.13
18 U.S.C. § 3142(i)                                                                                   Rev. 1/91
PAGE 2

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 8th day of February, 2007.

Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER                                                           15.13
18 U.S.C. § 3142(i)                                                       Rev. 1/91
PAGE 3